# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID NEIGHBORS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1045-NJR |
| ) | |
| T.G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner David Neighbors, an inmate of the Federal Bureau of Prisons ("BOP") who, at the time he filed his Petition, was incarcerated at Federal Correctional Institution Greenville ("FCI Greenville"), brings this habeas action pursuant to 28 U.S.C. § 2241 to challenge his designation and sentence as a career offender in *United States v. Neighbors*, 08-CR-13 (S.D. Ind.) ("Criminal Case"). Neighbors asserts that his two prior drug convictions no longer qualify as a felony drug offense justifying an enhanced sentence under 21 U.S.C. §841(b)(1)(A). He relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018). Neighbors seeks a new sentence without the enhancement.

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

In 2008, Neighbors was found guilty of conspiracy to distribute 50 grams or more of cocaine base (Count 1), two counts of distribution of 5 grams or more of cocaine base (Counts 3 and 4), and possession with intent to distribute 50 grams or more of cocaine base (Count 5), all in violation of 21 U.S.C. § 841(a) (Doc. 304, Criminal Case). At trial, Neighbors was found to have three prior drug convictions (Doc. 453, p. 1, Criminal Case). He was sentenced to life imprisonment on each count (Doc. 304, p. 3, Criminal Case).

Neighbors appealed his conviction to the Seventh Circuit on numerous issues, including a challenge to a wiretap used in the case, the composition of the jury, and the cross-examination of a witness (Doc. 1, p. 2). *See United States v. Neighbors*, 590 F.3d 485 (7th Cir. 2009). The Seventh Circuit affirmed Neighbor's conviction. *Id.*

Neighbors also filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel, including the failure of counsel to challenge the enhancement of his sentence due to his prior drug convictions (Doc. 443, 8, Criminal Case). The District Court denied the Petition as untimely (Doc. 453, Criminal Case).

On October 27, 2016, President Barack Obama granted a presidential clemency and commuted Neighbors sentence to 360 months (Doc. 1, p. 12). (Doc. 533, Criminal Case).

## Discussion

Neighbors relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016) to challenge his enhanced sentence. Neighbors argues, that after, *Mathis*, his prior drug conviction for "possession of a controlled substance" no longer qualifies as a "felony

drug offense" for purposes of the enhancement under 21 U.S.C. § 841(b)(1)(A) (Doc. 1, p. 14). His prior conviction under Ind. Code § 35-48-4-7 allegedly covers a broader category of offenses than those covered under 21 U.S.C. § 802(44) (*Id.*).

Given the limited record, the Court finds that a response is necessary to more fully evaluate Neighbors's claims.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead on or before **January 13, 2020**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Neighbors is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/13/2019**

                                                     *Nancy J. Rosenstengel*
                                                   _____
                                                   **NANCY J. ROSENSTENGEL**
                                                   **Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.