IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID NEIGHBORS, | ) |
| No. 08667-028, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 19-cv-1045-RJD[1] |
| | ) |
| ERIC WILLIAMS, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Petitioner David Neighbors, a federal prisoner incarcerated at FCI-Greenville when suit was filed, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), to argue that the Government improperly cited his Indiana drug convictions as prior felony drug convictions to subject him to a mandatory life sentence for his federal drug conviction under 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 851. He seeks resentencing without the enhancement.

Respondent filed a Response to the Petition at Doc. 17. Neighbors was granted an extension up to September 21, 2020, in which to file a reply, but he has not done so. Neighbors is now incarcerated at Lexington FMC, Satellite Camp.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

**1.    Conviction and Sentence**

Neighbors was found guilty by a jury in the Southern District of Indiana of one count of Conspiracy to Distribute 50 Grams or More of Cocaine Base and Less Than 500 Grams of Cocaine

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). (Doc. 10).

1

Hydrochloride, in violation of 21 U.S.C. §§ 841, 846, and 851; two counts of Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 and 851; and one count of Possession With Intent to Distribute 50 Grams Or More of Cocaine Base, in violation of 21 U.S.C.§§ 841 and 851.  *United States v. Neighbors*, Case No. 3:08-cr-00013-RLY-WGH-2 (S.D.In.) ("Criminal Case").

Before trial, the United States filed a notice pursuant to 21 U.S.C. § 851 alleging three prior Indiana felony drug offense convictions: (1) Possession of Cocaine, case number 82C01-9909-CF-1018; (2) Possession of Marijuana, case number 82C01-0008-DF-916; and (3) Dealing Marijuana, case number 82D02-0507-FD-618.  A copy of the § 851 Notice is filed in this case at Doc. 17-1.

Neighbors was sentenced in December 2008.  At that time, 21 U.S.C. § 841(b)(1)(A)(1) provided, in relevant part, "If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."  Neighbors was sentenced to life imprisonment on each count.  (Criminal Case, Doc. 304).

Neighbors filed a direct appeal.  He did not raise any issue regarding the use of his Indiana convictions to enhance his sentence.  The Seventh Circuit affirmed. *United States v. Neighbors*, 590 F.3d 485 (7th Cir. 2009).  He filed a motion under 28 U.S.C. § 2255 which was dismissed as untimely.  (Criminal Case, Docs. 443,  453).

**2.** **Sentence Commutation**

In 2016, President Barack Obama commuted Neighbors' life sentence to 360 months. (Criminal Case, Doc. 533).

### 3. Sentence Reduction Under the Fair Sentencing Act and First Step Act

On August 31, 2020, the sentencing court granted in part Neighbors' motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018. After noting that Neighbors' Guideline sentencing range remained at 360 months to life even after the reduction in his offense level, the court reduced his sentence to a below-guideline 240-month term. (Criminal Case, Doc. 612, pp. 4-5). Both parties took the position that he was still subject to an enhanced mandatory minimum of ten years under 21 U.S.C. § 841(b)(1)(B) because of his prior convictions. (First Step Act Motion, Criminal Case, Doc. 583, pp. 8-9, 23; United States' Response, Criminal Case, Doc. 586, p. 4).

### GROUNDS FOR HABEAS RELIEF

Neighbors argues that, after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), two of his Indiana convictions no longer qualify as convictions for prior felony drug offenses. He challenges the use of his conviction for Possession of Cocaine, case number 82C01-9909-CF-1018, and his conviction for Dealing Marijuana, case number 82D02-0507-FD-618. He raises no claim about his conviction for Possession of Marijuana, case number 82C01-0008-DF-916.

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive

means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under § 2255. He or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test

for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

> • Step #1: the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> • Step #2: the statutory rule of law in question must apply retroactively to cases on collateral review and could not have been invoked in a first § 2255 motion; and
>
> • Step #3: a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

## ANALYSIS

The applicable version of 21 U.S.C. § 841(b)(1)(A)(1) mandated a life sentence for a defendant who had two or more "prior convictions for a felony drug offense."  21 U.S.C. § 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  "Narcotic drugs" include "Cocaine, its salts, optical and geometric isomers, and salts of isomers."  21 U.S.C. § 802(17)(D).

Neighbors argues that his conviction in case number 82C01-9909-CF-1018 was for possession of a "controlled substance" rather than for possession of cocaine.  He asserts that his conviction was for violation of IC § 35-48-4-7 and that Indiana's definition of controlled substance is broader than the definition of felony drug offense as set forth in § 802 because Indiana's definition also includes prescription drugs.  With respect to his conviction for Dealing Marijuana in case number 82D02-0507-FD-618, Neighbors argues that Indiana's definition of marijuana is broader than the federal definition because Indiana's definition also includes salvia.

It is doubtful whether Neighbors' claim can be brought in a § 2241 petition.  Although he

5

cites *Mathis* as a new rule of statutory construction, his argument does not rely on any new rule announced in that case. Rather, his argument relies on the longstanding "categorical approach" and "modified categorical approach" analysis from *Taylor v. United States*, 495 U.S. 575 (1990), which was reaffirmed in *Mathis*.

Neighbors cannot meet the second *Davenport* requirement because the argument he makes here has been available to him all along. The Seventh Circuit discussed the test to be applied in evaluating the "prior unavailability" component of the second savings clause condition in two recent opinions. In *Beason v. Marske*, the court held that a § 2241 petitioner must show that it "would have been futile" to raise the argument in his initial § 2255 motion because the "law was squarely against him." *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019) (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)). Then in *Chazen v. Marske*, without stating which of its various articulations of the test should control going forward, the court concluded that the petitioner satisfied the "prior unavailability" condition because his claim had clearly been foreclosed by the law in his circuit of conviction at the time he might have raised it in a § 2255 motion. *Chazen v. Marske*, 938 F.3d 851, 861-63 (7th Cir. 2019). *See also Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016) ("Although our earlier case law had employed various formulations of this inquiry, our recent en banc decision in *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc), articulated that the second prong is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'")

Under any iteration of the prior unavailability condition, Neighbors cannot show that Seventh Circuit law was squarely against him before *Mathis*.

Neighbors argues that the categorical or modified categorical approach should be applied in

determining whether his first Indiana conviction qualifies as a prior felony drug conviction. That argument was not foreclosed by Seventh Circuit law at the time of his conviction. On the contrary, it was an open question at the time it was decided in *Elder* in 2018. "Determining whether a given state conviction qualifies as a felony drug offense under § 802(44), however, presents a complicated question, and it is a question of first impression for this court." *Elder*, 900 F.3d at 498. Neighbors could have raised the argument on direct appeal, as did the defendant in *Elder*. And, the argument that Indiana defines marijuana more broadly than the federal definition does not depend on anything in *Mathis*. That argument requires only a comparison of the Indiana and federal definitions and has nothing to do with the distinction *Mathis* made between means and elements. That argument was not foreclosed by Seventh Circuit law before *Mathis* was decided.

Even if Neighbors' argument could fit within the savings clause, it would fail on the merits.

In case number 82C01-9909-CF-1018, Neighbors was originally charged with possession with intent to deliver cocaine in violation of IC § 35-48-4-1. (Doc. 17-1, p. 5). He pled guilty to the lesser included offense of possession of cocaine. (Doc. 17-1, pp. 21, 28). Possession of cocaine, a Class D felony, is prohibited by § 35-48-4-6. At the time of the offense, August 1998, that section provided, in relevant part:

> (a) A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II commits possession of cocaine or a narcotic drug, a Class D felony, except as provided in subsection (b).

1996 Ind. Legis. Serv. P.L. 65-1996 (H.E.A. 1097) (WEST).

Neighbors incorrectly asserts that his conviction in case number 82C01-9909-CF-1018 was for violation of IC § 35-48-4-7 and that he was convicted of possession of a controlled substance. He cites nothing in the record for this assertion. He was clearly convicted of possession of *cocaine*.

7

Therefore, his argument about the Indiana definition of controlled substance being broader than the federal definition is irrelevant and the case he cites, *United States v. Brock-Miller*, 887 F.3d 298 (7th Cir. 2017), is not applicable.[2]

The Seventh Circuit held in *United States v. Smith*, 921 F.3d 708, 714 (7th Cir. 2019), that the possession with intent to distribute statute, IC § 35-48-4-1, is divisible.  That statute has the same structure as § 35-48-4-6 ("cocaine or a narcotic drug"), which indicates that § 35-48-4-6 is divisible also.  The modified categorical approach is therefore appropriate.  The plea agreement and judgment establish that Neighbors was convicted of possession of cocaine.  He does not argue that Indiana law defines cocaine more broadly than federal law does.  His conviction in case number 82C01-9909-CF-1018 was properly considered a prior conviction for a felony drug offense.

Finally, putting the possession of cocaine conviction aside, both of Neighbors' marijuana convictions qualify as prior convictions for a felony drug offense and he was therefore subject to the enhanced penalty.

With respect to his third Indiana conviction, Neighbors argues that Indiana law defines marijuana more broadly than federal law because Indiana includes salvia while federal law does not.  This argument fails because the version of the Indiana statute in effect at the time of his offense, July 2005, did not include salvia.  Neighbors was convicted of violating IC § 35-48-4-10. (Doc. 17-1, pp. 47, 53).  Salvia was not added to that statute until 2011.  2011 Ind. Legis. Serv. P.L. 138-2011 (S.E.A. 57) (WEST).  The Indiana definition of marijuana at the time of the offense was not broader than the federal definition.

---

[2] *Brock-Miller* concerned a different Indiana statute entirely, IC § 16-42-19-18, which prohibited possession of a hypodermic syringe or needle adapted for use with a "legend drug." Legend drug was defined with reference to prescription drugs, not controlled substances. *Brock-Miller*, 887 F.3d at 305. Legend drugs and prescription drugs are not in issue here.

8

Neighbors makes no argument about his second Indiana conviction, possession of marijuana in case number 82D02-0507-FD-618.  For the sake of completeness, the Court notes that the version of the Indiana statute in effect at the time of that offense, August 2000, did not include salvia.  Salvia was not added to IC 35-48-4-11 until 2011.  2011 Ind. Legis. Serv. P.L. 138-2011 (S.E.A. 57) (WEST).

## CONCLUSION

For the reasons set forth above, David Neighbors' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.  This action is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment.  FED. R. APP. P. 4(a)(1(A).  A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition

of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

    **IT IS SO ORDERED**.

    DATED:  November 18, 2020

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**